IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES EDWARD GIVENS, # K-51016,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JOHN DOE 1 (Correctional Officer),** )<br>**JOHN DOE 2 (Sergeant),** )<br>**and JOHN DOE 3 (Lieutenant),** )<br>)<br>**Defendants.** ) | Case No. 20-cv-569-DWD |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Charles Edward Givens, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims that the Defendants ignored his medical lower bunk permit; he then fell from a top bunk and was injured. He asserts claims under the Eighth and Fourteenth Amendments. Plaintiff requests monetary damages.

Plaintiff's Complaint is now before the Court for a preliminary merits review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1), supplemented with the exhibits at Doc. 5:[1] On April 24, 2019, Plaintiff was placed in the upper bunk in Cell 2 of R5 C unit at Lawrence. (Doc. 5, pp. 1-2). Plaintiff informed Defendants John Doe #1 Officer, John Doe #2 Sergeant,[2] and John Doe #3 Lieutenant that he had a lower gallery and bunk permit, but they ignored this information. (Doc. 1, p. 6; Doc. 5, p. 1). At 1:00 p.m., Plaintiff fell out of the upper bunk immediately after he was placed there and injured his shoulder and back. *Id.* Staff did not respond to help him until 40 minutes later. He required pain medication and developed sleeping problems and anxiety attacks because of the ongoing pain.

Based on the allegations of the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against John Doe Defendants #1, #2, and #3, for ignoring Plaintiff's medical low bunk permit and placing him in an upper bunk from which he fell;

**Count 2:** Fourteenth Amendment discrimination and equal protection claims against John Doe Defendants #1, #2, and #3, for the same conduct described in Count 1.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]

---

[1] The Complaint itself is too bare-bones to sufficiently identify the date and location of the incident giving rise to Plaintiff's claims (Doc. 1, p. 6), but his attached grievance forms contain that information. (Doc. 5).
[2] Plaintiff's cellmate's affidavit indicates that the Sergeant on duty was named Johnson, and that Johnson ordered Plaintiff to climb to the top bunk. (Doc. 5, p. 5).
[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Discussion

### Count 1

At this stage, Plaintiff's allegations state a viable claim for deliberate indifference against Defendants John Doe #1 Officer, John Doe #2 Sergeant, and John Doe #3 Lieutenant. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016).

### Count 2

The allegations fail to state a Fourteenth Amendment discrimination or equal protection claim against Defendants. The Fourteenth Amendment's Equal Protection Clause protects individuals from government discrimination based on membership in a particular "class" such as race, national origin, or sex. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). A "prison administrative decision may give rise to an equal protection claim ... if the plaintiff can establish that the prison officials intentionally and purposefully discriminated against him." *Meriwether v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987). Plaintiff sets forth no facts to suggest that any Defendant disregarded his medical permit on account of his race or other protected characteristic. His bare allegation that Defendants violated his Fourteenth Amendment rights is insufficient to state a viable claim for denial of equal protection or discrimination. *See Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'") (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

Accordingly, Count 2 shall be dismissed without prejudice.

### John Doe Defendants

Deanna Brookhart, as the current warden of Lawrence, will be added to the docket (in her official capacity only) for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown "John Doe" defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Once the names of the unknown defendants are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motions

Plaintiff's first motion for recruitment of counsel (Doc. 3) is **DENIED** because Plaintiff failed to sign it. FED. R. CIV. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.").

His second motion for recruitment of counsel (Doc. 4) is **DENIED** at this time without prejudice. Plaintiff does not describe any efforts made to secure counsel on his own, thus he fails to satisfy the requirement that he has made reasonable attempts to do so. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If Plaintiff submits a new motion for recruitment of counsel, he should attach copies of correspondence from at least 3 lawyers or law firms whom he has contacted in an effort to secure legal representation (or at a minimum the names and addresses of attorneys he has contacted), in order to demonstrate a reasonable attempt to seek counsel. Additionally, counsel is not needed at this time because no defendant has been served and a discovery schedule has not been entered. Plaintiff may renew his request for the recruitment of counsel at a later date.

### Disposition

For the reasons set forth above, **COUNT 1** shall proceed against John Doe #1 Officer, John

Doe #2 Sergeant, and John Doe #3 Lieutenant.

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk is **DIRECTED** to **ADD** Warden Deanna Brookhart (official capacity only) to the docket for purposes of identifying the John Does.

The Clerk of Court shall prepare for Defendant Deanna Brookhart (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants (once identified and served with this lawsuit) are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Deanna Brookhart is only in the case for purposes of identifying the John Does, she does not need to file an Answer. Further instructions on identifying the John Does will be provided by separate order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. The Plaintiff shall notify Clerk of the Court and each opposing party of any change in address in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 3, 2020**

 **DAVID W. DUGAN**
 **United States District Judge**

### NOTICE TO PLAINTIFF

After Warden Brookhart responds to the Notice of Lawsuit, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. Once the unknown defendants have been identified, the Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the Complaint. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions and to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.